UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD STORLIE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 2:15-cv-00592-RFB-NJK <br><br> ORDER DENYING AS MOOT MOTION TO COMPEL <br><br> (Docket No. 25) |

Pending before the Court is Defendant State Farm Mutual Automobile Insurance Company's motion to compel. Docket No. 25. The Court has considered Defendant's motion and Plaintiffs' response. Docket Nos. 25, 32. No reply was filed. *See* Docket. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **DENIED** as moot.

**I.    Standards**

Parties are entitled to discover non-privileged information relevant to any party's claim or defense. *See, e.g.*, Fed. R. Civ. P. 26(b). Relevance for discovery purposes is broadly construed, *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 431 (D. Nev. 2006), and encapsulates any "information reasonably calculated to lead to the discovery of admissible evidence," *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

The "party resisting discovery bears the burden of showing why a discovery request should be denied." *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Jt. Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349, *5 (D. Nev. Sept. 29,

2011)). Broad assertions of harm are insufficient to meet that burden. *See, e.g., Caesars Entertainment*, 237 F.R.D. at 432. Instead, the "objecting party must specifically detail the reasons why each request is irrelevant and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *AMG Servs.*, 291 F.R.D. at 553 (internal quotation and citation omitted).

## II. Analysis

Defendant's motion indicates that, on July 16, 2015, it prouponded Interrogatories and Requests for Production of Documents on Plaintiffs. Docket No. 25 at 3. Plaintiffs' responses were due on August 18, 2015; however, Defendant allowed Plaintiffs an extension until September 2, 2015. *Id*. On November 12, 2015, Defendant's counsel spoke with Plaintiffs' counsel, who advised that the responses would be forthcoming immediately. *Id*. Despite that representation, no responses were provided. *Id*. As of December 8, 2015, when Defendant filed its motion, Plaintiffs had failed to provide any responses to any of the written discovery Defendant had propounded. *Id*. at 2-3.

In response, Plaintiffs state that they moved to Arkansas after initiating the instant case, and "have been exceptionally difficult to reach." Docket No. 32 at 3. Additionally, they submit that they have had unspecified and undocumented health problems, "which impacted their ability to respond to the discovery requests." *Id*. Plaintiffs concede that their discovery responses were untimely, and submit that they served Defendant with their responses on December 23, 2015. *Id*. Plaintiffs therefore ask the Court to deny Defendant's motion as moot.[1] *Id*.

No reply was filed, and the deadline for filing a reply has now passed. Therefore, the Court does not know whether Defendant agrees with Plaintiffs that their responses are sufficient.

Plaintiffs have represented to the Court that they have fully responded, albeit extremely late, to the written discovery that is the subject of Defendant's motion to compel. *See* Docket No. 32. Defendant has made no representation that Plaintiffs' responses are insufficient. Accordingly, Defendant's motion to compel, Docket No. 25, is hereby **DENIED** as moot.

---

[1] Plaintiffs also ask the Court not to award Defendant attorneys' fees for filing its motion to compel, "because the delay in providing discovery responses ... was not the result of any bad faith or improper motive." *Id*. Although bad faith or improper motive is not required for an award of attorneys' fees, Defendant has not requested fees in its motion. *See* Docket No. 25. Therefore, the Court will not address the issue of attorneys' fees.

Additionally, the Court **ADMONISHES** Plaintiffs that they must participate in the case they initiated and abide by all applicable deadlines. Failure to do so in the future may result in sanctions, including dismissal of the instant case.

IT IS SO ORDERED.

DATED: January 20, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge